IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-801-BO

| | |
|---|---|
| DIRECTV, LLC, a California limited liability company,<br>    Plaintiff,<br><br>v.<br><br>SHANNAH L. RICHTER, a/k/a<br>SHANNAH L. DIAZ, individually, and<br>MUNCHING MARVINS,<br>    Defendants. | O R D E R |

This cause comes before the Court on plaintiff's motion for entry of default judgment and motion for leave to file physical exhibit. For the reasons discussed below, default judgment is entered and plaintiff's motion for leave to file is denied as moot.

## BACKGROUND

Plaintiff filed this action against defendants on December 13, 2012, pursuant to the Cable Communications Policy Act of 1984 (Cable Act), 47 U.S.C. § 521, *et seq.*, as an action for declaratory and injunctive relief and damages for the improper receipt, transmission, and exhibition of satellite programming signals. Plaintiff alleges that defendant Richter used her residential DirecTV service in her commercial establishment without notifying plaintiff and thereby surreptitiously gaining access to DirecTV services in a commercial establishment while paying the residential, as opposed to the higher commercial, rate.

## DISCUSSION

Service was effected on defendants December 24, 2012, and neither defendant appeared or filed any form of responsive pleading. Clerk's default was entered against defendants on April

13, 2013. Fed. R. Civ. P. 55(a). Defendants have failed to make an appearance or respond to the instant motion since the entry of default. The allegations in the complaint, which defendants are now deemed to have admitted, along with the affidavit submitted by plaintiff demonstrate that a violation of the Cable Act has occurred. Damages for plaintiff are therefore appropriate.

Plaintiff seeks statutory damages under § 605(e)(3)(C), which provides for damages of not less than $1,000 and not more than $10,000 for violations of Cable Act. 47 U.S.C. section 605(e)(3)(C)(i)(I). In cases where a violation of the Cable Act is found to have been committed willfully, a court may in its discretion increase the award of damages by not more than $100,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(ii). Any award of statutory damages under the Cable Act is committed to the discretion of the court. *See e.g. DirecTV v. Haskell*, 344 F. Supp.2d 761, 763 (D. Me. 2004).

The Court in its discretion holds that damages of $110,000 as requested by plaintiff are excessive. Defendant Richter used her residential DirecTV in a commercial setting – a prohibited act, but one not as severe as other forms of piracy. *See DirecTV v. Rawlings*, 523 F.3d 318, 330 (4th Cir. 2008) (factors to be considered when deciding damage award under analogous Wiretap Act are the extent of the violation, the relative financial burdens of the parties, and the what useful purpose would be served in awarding damages). Plaintiff's auditor observed one television at defendant Munchin Marvins displaying ESPN coverage of NFL draft picks; the auditor requested that another television be changed from a network NFL station to a DirecTV station. Pictures taken by the auditor reveal a mostly empty establishment with a handful of

2

people in attendance at most.[1]

There is no allegation or evidence that plaintiff induced others in violating the statute, nor is there evidence establishing that defendants profited from the prohibited conduct. *See DirecTV v. Huynh*, 318 F. Supp.2d 1122, 1131 (M.D.Ala. 2004) (listing factors courts generally consider when determining damages for violations of the Cable Act); *see also DirecTV, Inc. v. Ferri*, No. 5:08CV122, 2009 WL 4406052 (W.D.N.C. November 25, 2009). The Court has been presented with no evidence that § 605 violations are ongoing.

Having considered the relevant factors, the Court concludes in its discretion that an award of $1,000 in statutory damages is appropriate in this matter. Although defendants' activity as established by the complaint has been found to be willful, the Court declines to award enhanced damages as provided for by § 605(e)(3)(C)(ii). The Court finds that a $1,000 statutory damage award is sufficient both to sanction defendants' conduct as well as to deter future violations of the Cable Act. The Court further finds that plaintiff's request for attorneys' fees is reasonable and is appropriately awarded under § 605(e)(3)(B)(iii).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of default judgment [DE 10] is GRANTED. Plaintiff is hereby AWARDED $1,000.00 in statutory damages for defendants' violation of 47 U.S.C. § 605(a). Plaintiff is further awarded costs and attorneys' fees in the

---

[1] Plaintiff has also sought leave to submit video footage of defendant Munching Marvins that corresponds with plaintiff's affidavit in support of default judgment. The Court has not considered the video footage as plaintiff has failed to include it with its request for leave to file it as an exhibit. However, because the Court is satisfied that the photographs submitted with plaintiff's affidavits form a sufficient basis upon which to grant plaintiff's motion for default judgment, the Court DENIES AS MOOT plaintiff's motion for leave to file.

3

amount of $2,762.85. Defendants are permanently enjoined from interfering with plaintiff's rights in violation of 47 U.S.C. § 605. Plaintiff's motion for permission to file physical exhibit [DE 12] is DENIED AS MOOT.

SO ORDERED, this 24 day of September, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:12-cv-00801-BO Document 15 Filed 09/25/13 Page 4 of 4